UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Joe Lark, <br><br> Petitioner, <br><br> vs. <br><br> Scotty Boniford, Administrator, <br><br> Respondent. | ) C/A No. 9:13-2869-GRA-BM <br> ) <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) |

The petitioner, Billy Joe Lark, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is a pretrial detainee in the Greenville County Detention Center in Greenville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Additionally, *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).



---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

Even when considered under this less stringent standard, however, the undersigned finds for the reasons set forth hereinbelow that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## DISCUSSION

Petitioner states that he was arrested on August 1, 2013, by the Greenville County Sheriff's Office, on charges of burglary, second degree, and petit larceny. (ECF No. 1.) Petitioner claims that he "verbally raised the issue of insufficient evidence required to support" his arrest warrants. (*Id.* at 2.) Thereafter, at his September 26, 2013 preliminary hearing in the Greenville County Magistrate's Court, his attorney asked if any physical evidence had been found on Petitioner, and Petitioner stated that he had been granted permission to enter the premises allegedly burgled. (*Id.* at 3.) He also argues that his preliminary hearing, which Petitioner contends under "Rule 2(b)" should have been held within ten days following his request, was not held until seven weeks thereafter. (ECF No. 1-1 at 2.)

Petitioner "realizes that he continues to have the right to stand trial for the charges against him," but he argues, even if he did file "for timely prosecution," that "any state remedy, or further appeal, is so far in the distant future . . . that Petitioner would be further and more severely denied his rights against arrest and detention without probable cause and against illegal detention." (*Id.* at 1–2.) Petitioner asks this Court to order his release as the State is violating his "state and constitutional rights against unlawful prosecution, unlawful arrest, and unlawful detention." (*Id.* at 8.)

2

Ordinarily, federal habeas corpus relief for a state prisoner is only available post-conviction. However, pretrial petitions for habeas corpus may be brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987)). Generally, however, "'[a]n attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner alleges that he is currently detained on pending state criminal charges, thus satisfying the first prong of the abstention test. The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court



3

considering equitable types of relief;" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986); while in addressing the third criterion, the Supreme Court has noted that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

Therefore, this case meets all of the criteria for abstention under *Younger*, and Federal habeas relief is available under § 2241 only if "special circumstances" justify the provision of federal review. *Dickerson*, 816 F.2d at 224–26; *see also Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973). While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *see, e.g., Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. Specifically in *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.* at 443; *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226–27.

Here, Petitioner may raise his claims for a speedy trial, and of unlawful arrest, insufficient evidence, and unlawful detention, in the state court during trial and post-trial proceedings.[2]

---

[2] The Supreme Court has held that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following [a warrantless] arrest."

4

As Petitioner can pursue his claims in state court both during and after trial, he fails to demonstrate "special circumstances," or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment. *See Younger*, 401 U.S. at 43–44. Petitioner is therefore precluded from federal habeas relief at this time, and his Petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Petition without prejudice and without requiring the Respondent to file an answer.

_____
Bristow Marchant
United States Magistrate Judge

November 13, 2013
Charleston, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

---

*Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). However, Petitioner was arrested pursuant to warrants. (ECF Nos. 3, 4.) The probable cause determination, as an initial step into the criminal justice process, may be made by a judicial officer without an adversary hearing, *Gerstein*, 420 U.S. at 120, as occurred in Petitioner's case.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

