IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Joe Lark, | ) Civil Action No. 9:13-2869-MGL |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| Scotty Boniford, Administrator, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner Billy Joe Lark, ("Petitioner"), a pretrial detainee in the Greenville County Detention Center, filed the instant petition for a *writ of habeas corpus* pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report").

On November 14, 2013, the Magistrate Judge issued a Report recommending that the Court dismiss Petitioner's application *without prejudice* and without requiring the Respondent to file an answer. (ECF No. 8). Objections to the Report were due on December 5, 2013. Petitioner filed an Objection on December 16, 2013. (ECF No. 14). Despite its lateness, the Court has considered Petitioner's Objection. Although twenty-two (22) pages long, the Objection cites no case law or other authority to counter the *Younger* abstention analysis set out by the Magistrate Judge in her Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. After careful review of the Report and objections thereto, the court **ACCEPTS** and incorporates the Report , (ECF No. 8), by reference into this Order. It is therefore **ORDERED** that this action is **DISMISSED** *without prejudice* and without requiring Respondent to file an answer.

## Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c) . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore,

a certificate of appealability is **DENIED.**

    **IT IS SO ORDERED.**

s/ Mary G. Lewis<br>United States District Judge

December 17, 2013
Spartanburg, South Carolina